PHILLIP A. TALBERT
United States Attorney
STEVEN TENNYSON
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

FILED

Mar 27, 2024

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

2:24-sw-0323 CKD

| | |
|---|---|
| IN THE MATTER OF THE ADMINISTRATIVE INSPECTION OF JOAN S. RUBINGER, FNP, C/O ROLAND WINTER, M.D. | APPLICATION FOR ADMINISTRATIVE INSPECTION WARRANT UNDER THE CONTROLLED SUBSTANCES ACT, 21 U.S.C. § 880 |

The Court should authorize an administrative inspection of Nurse Practitioner Joan Rubinger. In exchange for the privilege of prescribing potentially dangerous controlled substances, Ms. Rubinger agreed to adhere to the Controlled Substance Act's requirements. *See United States v. Greenberg*, 334 F. Supp. 364, 367 (W.D. Pa. 1971). A critical aspect of the CSA is record keeping: "The statutory scheme envisioned by the [CSA] is one of control through record keeping." *Id.* at 366.

The CSA creates a system for authorizing inspections of those records. *See* 21 U.S.C. § 880(b). Upon a showing of probable cause, a United States Magistrate Judge may issue a warrant for the purpose of conducting an administrative inspection. 21 U.S.C. § 880(d). "Probable cause" is defined by the CSA as "a valid public interest in the effective enforcement of [the CSA]." 21 U.S.C. § 880(d)(1). "Probable cause" in the traditional criminal law sense is not required to support the issuance of an administrative warrant. *Marshall v. Barlow's Inc.*, 436 U.S. 307, 320 (1978). Rather, the fact that an individual has never been inspected to ensure compliance with compulsory record-keeping requirements alone justifies an administrative warrant. *United States v. Prendergast*, 585 F. 2d 69, 70 (3rd Cir. 1978) (citing *United States v. Goldfine*, 538 F. 2d 815, 818-819 (9th Cir. 1976)).

Probable cause exists here. As described in the attached affidavit, Joan Rubinger is a registrant, who has agreed to shoulder the responsibility of complying with the CSA in exchange for the privilege of distributing controlled substances. She has never been inspected by the DEA. And the DEA has amassed evidence suggesting that an inspection of Rubinger's records is prudent. Consistent with 21 U.S.C. §§ 880(b)(3)(A) and (B), the DEA should be permitted to inspect Rubinger's registered location for (1) records required to be kept under the CSA; (2) materials appropriate for either the "verification of those records" or "otherwise bearing on compliance" with the CSA. *Id*.

Therefore, the United States respectfully requests that the Court issue an Administrative Inspection Warrant pursuant to the Controlled Substances Act, 21 U.S.C. § 880(d), for the inspection and search of the Rubinger's registered location:

Joan Sleven RUBINGER, FNP
c/o Roland WINTER, MD.
Alpine Orthopaedic Medical Group
DEA # MM3336422
2488 N. California Street
Sacramento, CA 95204
(415) 230-9771

This Application for an Administrative Inspection Warrant is based upon the attached Affidavit.

Dated: March 27, 2024

PHILIP A. TALBERT
United States Attorney

By: */s/ Steven Tennyson*
Steven Tennyson
Assistant United States Attorney

APPLICATION FOR ADMINISTRATIVE INSPECTION
WARRANT UNDER THE CONTROLLED SUBSTANCES ACT        2

PHILLIP A. TALBERT
United States Attorney
STEVEN TENNYSON
Assistant United States Attorney
Office of the United States Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2798

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

2:24-sw-0323 CKD

| | |
|---|---|
| IN THE MATTER OF THE ADMINISTRATIVE INSPECTION OF JOAN SLEVEN RUBINGER, (FNP)/ C/O ROLAND WINTER, M.D.<br><br><br>2488 N. California<br>Stockton, California 95204 | **AFFIDAVIT FOR APPLICATION FOR ADMINISTRATIVE INSPECTION WARRANT UNDER THE CONTROLLED SUBSTANCES ACT, 21 U.S.C. § 880(d)**<br><br>**Investigator: Nia Smith** |

The undersigned, Nia Smith, being duly sworn, declares:

1.      I am a duly appointed Diversion Investigator with the Drug Enforcement Administration ("DEA"), United States Department of Justice. As such, I am charged with the duty of enforcing the Comprehensive Drug Abuse Prevention and Control Act of 1970, 21 U.S.C. § 801, *et seq.* (the "CSA" or the "Act") and other duties imposed by law.

2.      I have been employed as Diversion Investigator since August 2012 and am presently assigned to the DEA San Francisco Field Division, Sacramento, District Office Tactical Diversion Squad. I have received training in the manufacturing, distribution, and dispensation of pharmaceutical controlled substances, and the corresponding records and inventories that are required to be kept pursuant to the CSA.

3.      My duties include conducting investigations of the actual and potential diversion of legally manufactured controlled substances into illegitimate channels. Pursuant to 21 U.S.C. § 878(a)(2), I have authority to execute and serve administrative inspection warrants, subpoenas, and summonses

APPLICATION FOR ADMINISTRATIVE INSPECTION
WARRANT UNDER THE CONTROLLED SUBSTANCES ACT        1

issued under the authority of the United States.

4.    I have personally participated in this federal investigation.  The facts in this affidavit come from my personal observations, my training and experience, information reflected in the DEA's official records, and my interviews of witnesses.

5.    This affidavit is being submitted in support of an Administrative Inspection Warrant. Sections 878(a)(2), 880(b)(1), (2), and (3), of the CSA authorize me as part of my job to execute Administrative Inspection Warrants to inspect the controlled premises of persons and firms registered under the CSA.  The inspections allow DEA Personnel to verify the correctness of all records, reports and other documents the CSA requires a registrant to make and keep.  *See* 21 U.S.C. § 880(b)(3).[1]

6.    This affidavit does not set forth all the facts developed during the course of this investigation. Rather, it sets forth only those facts that are necessary and sufficient to establish that the issuance of an Administrative Inspection Warrant is appropriate.

7.    In addition, where I describe statements made by other people, the statements are described in sum, substance, and relevant part.  Similarly, where I describe information contained in reports and other documents or records in this affidavit, this information is also described in sum, substance, and relevant part.

## APPLICABLE LAW

8.    A provision of the Controlled Substances Act, codified at 21 U.S.C. § 842, makes it unlawful for any DEA registrant "to distribute or dispense a controlled substance in violation of section 829." Registered practitioners may prescribe these substances to their patients, but as provided by regulation, a prescription is only authorized when issued by a prescriber "for a legitimate medical purpose . . . [while] acting in the usual course of his professional practice." 21 C.F.R. § 1306.04(a).

9.    An order purporting to be a prescription not issued the usual course of professional treatment for legitimate medical purpose "is not a prescription within the meaning and intent of section 309 of the Act (21 U.S.C. 829) and the person knowingly filling such a purported prescription, as well as

---

[1] The Act provides for the inspection of items such as records, files, and papers, the maintenance of which is not required under the Act, but such inspection is appropriate for the verification of the requirements of the Act.  21 U.S.C.§ 880(b)(3)(a).  The Act does not specifically provide for the copying of such items.

APPLICATION FOR ADMINISTRATIVE INSPECTION
WARRANT UNDER THE CONTROLLED SUBSTANCES ACT        2

the person issuing it, shall be subject to the penalties provided for violations of the provisions of law relating to controlled substances." 21 C.F.R. §1306.04(a).

10. This affidavit does not set forth all of my knowledge about the statutory, regulatory, and administrative procedures regarding the Controlled Substances Act; it is intended to only aid the Court in determining whether there is sufficient grounds to issue an Administrative Inspection Warrant.

**BASIS FOR AN ADMINISTATIVE INSPECTION WARRANT**

11. Joan S. Rubinger ("Rubinger"), a Family Nurse Practitioner, is registered under the CSA and has been assigned DEA Registration Number MM3336422 in controlled substances Schedules II-V. As reported by Rubinger, this registrant conducts business under the care of Roland Winter, MD, at Alpine Orthopaedic Medical Group, Inc., located at 2488 N. California Street, Stockton, California, 95204 (the "Stockton Office").

12. The Stockton Office is a controlled premise within the meaning of 21 U.S.C. §§ 880(a)(1) and (2) as well as 21 C.F.R. §§ 1316.02(c)(1) and (2). As such, Rubinger is required to keep complete and accurate records of all controlled substances received, sold, delivered or otherwise disposed at this location. 21 U.S.C. § 827 and 21 C.F.R. § 1304.01, *et seq.* The inspection of the controlled premises is designed to ensure Rubinger's compliance with the CSA and its regulations.

13. I have examined the DEA's files, records and other databases, and determined the DEA has not inspected Rubinger or the Stockton Office for a routine scheduled investigation.

14. Based on the investigation to date, Rubinger may be writing prescriptions that do not have a legitimate medical purpose. Based on the investigation to date, Rubinger uses Telegram Messenger, an encrypted messaging service, to sell prescriptions to her customers and then unilaterally deletes those conversations after engaging in a transaction. Based on my training and experience, it is highly irregular for a medical practitioner to prescribe controlled substances, especially potentially dangerous drugs like opioids, over an encrypted messaging service and then unilaterally delete the conversation, depriving the patient of a record of what transpired.

15. Given these facts, I believe the requested inspection will help protect the public's health and safety and will advance the CSA's public interest in enforcing the Act's oversight provisions.

16. The DEA needs to review Rubinger's containers, and labeling, records, files, papers,

APPLICATION FOR ADMINISTRATIVE INSPECTION
WARRANT UNDER THE CONTROLLED SUBSTANCES ACT    3

processes, controls and facilities appropriate for the verification of compliance with the CSA. These records and materials to be reviewed include, but are not limited to: (i) written and electronic correspondence regarding maintenance of prescription records, inventories, theft or loss reports, communications related to Rubinger's compliance with the CSA, (ii) written policies, procedures and training regarding maintenance of inventories, perpetual inventories, biennial inventories, (iii) records supporting the legitimacy of the prescriptions, and (iv) internal audits and manuals or written material describing computer programs or other procedures Rubinger uses to maintain inventories of controlled substances appropriate for the verification of the records, reports, and documents required by the CSA.

17.    I will be accompanied by one or more Investigators during the inspection who are employees of the Attorney General authorized to conduct administrative inspections and one or more DEA Special Agents.

18.    Based on the information described above, I believe the issuance of an Administrative Inspection Warrant is appropriate.

I declare the foregoing is true and correct under the penalty of perjury.

DATED:  March 27, 2024

By:    _Nia Smith_
NIA SMITH
Diversion Investigator
Drug Enforcement Administration

Sworn to before me and subscribed
In Sacramento, California
On this 27th day of March, 2024

_Carolyn K. Delaney_
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

APPLICATION FOR ADMINISTRATIVE INSPECTION
WARRANT UNDER THE CONTROLLED SUBSTANCES ACT        4

PHILLIP A. TALBERT
United States Attorney
STEVEN S. TENNYSON
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814-2322
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| IN THE MATTER OF THE ADMINISTRATIVE INSPECTION OF JOAN S. RUBINGER, FNP C/O ROLAND WINTER, MD: | 2:24-sw-0323 CKD<br><br>**WARRANT FOR INSPECTION** |

TO: DIVERSION INVESTIGATOR NIA SMITH AND ANY OTHER DULY AUTHORIZED INVESTIGATOR OR AGENT OF THE DRUG ENFORCEMENT ADMINISTRATION (DEA), UNITED STATES DEPARTMENT OF JUSTICE.

Application having been made and probable cause as defined by 21 U.S.C. § 880(d) having been shown by the affidavit of DEA Diversion Investigator Nia Smith for an inspection of the controlled premises of Joan Sleven Rubinger FNP, located at 2488 N. California Street, Stockton, California 95204 and it appearing that such inspection is appropriate pursuant to 21 U.S.C. § 880(d), you are hereby authorized to:

1. Pursuant to 21 U.S.C. § 880(b)(3)(A), enter the above-described premises during normal business hours and inspect and copy all records, reports, and other documents required to be kept under this subchapter;

2. Pursuant to 21 U.S.C. § 880(b)(3)(B), inspect within reasonable limits and in a reasonable manner the controlled premises and all pertinent equipment, drugs, containers, and labeling, and all other things therein, including records, files and papers, processes, controls, and facilities appropriate for the verification of Joan S. Rubinger, FNP's compliance with the Controlled Substances Act; and

3. Pursuant to 21 U.S.C. § 880(b)(3)(C), inventory any stock of any controlled substance

WARRANT FOR INSPECTION                                    1

and obtain samples of any such substance.

4. Specifically, pursuant to 21 U.S.C. § 880(b)(3)(A), you are hereby authorized to inspect, copy (with respect to electronic and hard-copy records), and remove for the purpose of copying (with respect to hard-copy records), the following from the above-described controlled substance premises:

  i.   All physical inventories (perpetual and biennial) of controlled substances;

  ii.  Ordered material drug list of supplies;

  iii. Records of controlled substance transfers, purchases and distribution, including receipt and return records;

  iv.  All records which refer to or are related to the dispensation, administration or distribution of controlled substances, including patient Medical Records and/or charts and wastage logs;

  v.   Any and all copies of the Registrant's inventory of drugs surrendered (DEA Form 41); and

  vi.  Reports of Theft or Loss of Controlled Substances (DEA Form 106).

Such authorization extends to the downloading or copying of any computerized or electronically stored records of controlled substances inventories, stocks, and dispensation records and any computerized or electronically stored information involving the verification of records, reports and documents required to be kept under the CSA.

In addition, pursuant to 21 U.S.C. § 880(b)(3)(B), for the purposes of verifying the records required to be kept under 21 U.S.C. § 880(b)(3)(A) and for ensuring compliance with the provisions of the CSA, you are hereby authorized to inspect, copy (with respect to electronic and hard-copy records) and remove for the purpose of copying (with respect to hard-copy records), the following from the above-described controlled substance premises:

1. Audits or other internal reports or memoranda generated for the purpose of maintaining accurate records and inventories of controlled substances;

2. Communications (written and electronic) regarding maintenance of inventories, theft or loss reports;

WARRANT FOR INSPECTION                    2

3. Policies and communications (written and electronic) regarding Joan S. Rubinger, FNP's efforts to comply with the Controlled Substances Act including any patient Medical Records and/or charts that have been reviewed by Joan S. Rubinger's supervising physician, Roland Winter, M.D.;

4. Copies of training materials and procedures regarding maintenance of inventory records;

5. Copies of training materials and procedures regarding the performance of internal audits;

6. Copies of manuals, or other material describing computer programs or other procedures used by Joan S. Rubinger, FNP or her agents or employees to maintain inventories and for the prescribing and dispensing of controlled substances;

7. Communications to/from Joan S. Rubinger, FNP or her agents or employees to federal or state authorities related to loss, theft of controlled substances, maintaining inventories of controlled substances, and/or compliance with the Controlled Substances Act;

8. Prescriptions and other medical records substantiating the legitimacy of the controlled substances dispensed or prescribed by Joan S. Rubinger, FNP and any prescriptions or other medical records substantiating the legitimacy of controlled substances reviewed by Roland Winter, MD as Joan S. Rubinger's supervising physician;

9. Policies and communications regarding suspicious orders and or prescriptions or hospital orders being issued outside the usual course of professional practice;

10. Communications to/from Joan S. Rubinger, FNP or her agents or employees relating to suspicious orders and/or controlled substance prescriptions or hospital orders being issued outside the usual course of professional practice; and

11. Copies of policies and communications for establishing and verifying any distributions and/or transferring of controlled substances.

Any original documents removed from the premises by DEA under the authority of this warrant shall be copied and returned within six (6) days of removal.  Joan S. Rubinger, FNP shall be provided with a written inventory of any such records removed for the purpose of copying.

The undersigned DEA Diversion Investigator (and whoever is assisting) is, consistent with 42 C.F.R. § 2.53(a) and (b), providing written assurance that the undersigned DEA Diversion Investigator

WARRANT FOR INSPECTION                                    3

(and whoever is assisting) will not disclose patient identifying information (PII), except back to the program from which it was used. Furthermore, DEA Diversion Investigators (and whoever is assisting) will only use the PII as necessary to carry out the audit or evaluation purposes as authorized.

A prompt return shall be made by the inspecting officers to the duty United States Magistrate Judge, showing that the inspection has been completed and accounting for all property removed pursuant to this warrant, not later than ten (10) days from the execution of this warrant.

DATED:  March 27, 2024

CAROLYN K. DLEANEY
UNITED STATES MAGISTRATE JUDGE

WARRANT FOR INSPECTION                                        4